IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MOHAMED M. SALIM,

      Plaintiff,

v.                                                                    CIVIL ACTION NO.  1:15-cv-468

EDWARD DAHLBERG,

      Defendant.

## MEMORANDUM SUPPORTING DEFENDANT'S MOTION IN LIMINE REGARDING CHANGES TO TESTIMONY BY THE PLAINTIFF

COMES NOW the defendant, Edward Dahlberg, by counsel, and in support of his Motion *in limine* regarding changes to the plaintiff's deposition testimony, states the following:

## I.  INTRODUCTION

This case arises from Mohamed M. Salim's ("Plaintiff") allegations that he sustained certain bodily and emotional injuries as a result of an altercation that occurred between the parties. On June 20, 2015, Defendant deposed Plaintiff. During his deposition, Plaintiff testified regarding a number of matters where his deposition testimony appears to be inaccurate in light of evidence developed after his deposition. For example, Plaintiff testified that he did not make any changes or modifications to his cellular telephone before giving it to the police. (Ex. A, pages 160-162). In fact, Plaintiff deleted his call record prior to giving his phone to the police. (Ex. B). The timing of Plaintiff's 911 call is material in this case, and accordingly the call record would be relevant evidence. In addition, Plaintiff testified extensively about serving in Iraq as a soldier. (Ex. A, Pages 55-59). In fact, Plaintiff never served in Iraq. (Ex. C).

Plaintiff chose to read and sign his deposition, and he did not submit an errata sheet. After the defendant developed evidence that the plaintiff's testimony was inaccurate, the

Plaintiff's counsel has attempted to explain the inaccurate testimony, stating that they were the result of the plaintiff's unfamiliarity with the English language and his discomfort in a deposition setting. After the close of discovery, Plaintiff's counsel has suggested additional depositions of his client, or additional interrogatories to permit his client an opportunity to testify truthfully.

At trial, Plaintiff will obviously have the right to testify to the jury regarding any explanation he cares to make. He does not have the right to introduce or reference his counsel's attempts to explain his testimony for him, or the proposals to reopen discovery to permit him another opportunity to testify truthfully. Counsel's e-mails and other communications were not produced in any manner contemplated by the rules. They are not a proper errata sheet or supplemental discovery responses, and are not signed by the defendant, nor are they under oath. Defendant moves for entry of an order excluding the emails by counsel, as well as any reference to them or other communications by counsel, from evidence or argument at trial.

## II. LAW AND ANALYSIS

The taking of sworn testimony is a significant event, and parties have the right to rely on the sworn testimony of another party. Nevertheless, the law recognizes that deponents may occasionally become confused or misspeak, and there is an established framework for correcting such errors. Specifically, Federal Rule of Civil Procedure 30(e) allows a deponent to review the deposition transcript. Fed. R. Civ. P. 30(e)(A) (2015). Upon request, the deponent is provided 30 days to read and review his or her responses. *Id.* 30(e). If the deponent desires to make changes to the form or substance of an answer, he or she is permitted to create a list of all such changes and to provide an explanation for each change. *Id.* 30(e)(B). Where a deponent fails to read and submit changes to the deposition transcript within 30 days, the deponent waives any right to

modify that transcript. *Parker v. Grant*, 237 B.R. 97, 109 (Bankr. E.D. Va. 1999). Importantly, the changes are a formal event, and are attested to by the deponent.

Here, Plaintiff exercised his right pursuant to Rule 30(e) and elected to read his deposition transcript. (Ex. E). Accordingly, Plaintiff was afforded 30 days in which to carefully review his deposition, in an environment of his choosing and with the assistance of counsel, if he desired. Plaintiff did not make any changes to the deposition transcript. By failing to submit any changes to his deposition by the conclusion of this 30 day period, Plaintiff waived any right to modify the transcript. *Parker*, 237 B.R at 109.

Whatever Plaintiff's reasons are for making the inaccurate statements and then subsequently failing to correct them when given his opportunity under Rule 30(e), he will have an opportunity to explain himself to the jury, as with any witness whose credibility is at issue. What he has no right to do is to reference communications by his counsel that do not comply with the rules. It is significant that the plaintiff only chose to notify the defendant of his inaccurate and misleading testimony after the defendant developed evidence demonstrating the prior testimony was inaccurate. Plaintiff has no right to make subsequent changes to his testimony except as provided by the rules. Accordingly, evidence or reference to Plaintiff's counsel's e-mails and attempts to explain or cure the inaccurate deposition testimony should be excluded.

I.      CONCLUSION

Wherefore, for all of the foregoing reasons, as well as any additional argument to be raised at the hearing, Defendant respectfully requests this Court to grant this motion, and rule that Plaintiff is not permitted to present evidence or argument concerning any attempts to explain

or cure Plaintiff's inaccurate deposition testimony, which were untimely and not done in

accordance with the rules.


                                               EDWARD DAHLBERG
                                               By Counsel


BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.


_____/s/_____
Steven W. Bancroft, Esquire
VSB #: 18447
Nicholas J. Lawrence
VSB #: 76964
3920 University Drive
Fairfax, Virginia 22030
(p) 703-385-1000
(f) 703-385-1555
sbancroft@bmhjlaw.com
nlawrence@bmhjlaw.com
*Counsel for Defendant*


**CERTIFICATE OF MAILING**

I hereby certify on October 14th, 2015, I will electronically file the foregoing with the clerk of court using the CM/ECF system, which will send notification of the filing to the following:

Victor M. Glasberg, Esq.
121 S. Columbus Street
Alexandria, Virginia 22314
*Counsel for Plaintiff*

                                    _____/s/_____
                                      Nicholas J. Lawrence