IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MOHAMED M. SALIM,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 1:15-cv-468

EDWARD DAHLBERG,

    Defendant.

## MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE

COMES NOW the defendant, by counsel, and in and for his brief in reply to the plaintiff's opposition to the defendant's motions *in limine* (CM/ECF Nos. 107, 109, 111, 113) states the following:

### I. Dr. Jones' hearsay opinions should not be admitted without testimony:

The plaintiff's brief in opposition seems to be rehashing the issue of whether or not Dr. Jones was properly designated. The defendant is not presently asking to exclude Dr. Jones' testimony on the basis of Fed. R. Civ. P. 26(a)(2). The court has ruled on that issue. The defendant is objecting to the admission of Dr. Jones' hearsay opinions by way of the medical records (without testimony), because there are substantial questions about whether or not they are trustworthy, and therefore whether they fall within the business records exception to the hearsay rule. See, F.R.E. 803.

The plaintiff's exhibit (CM/ECF Doc. No.124-2, page Id. No. 1036), an email from Dr. Jones, indicates Dr. Jones would defer to the radiologist on the issue of whether or not there is a fracture. The email weakens the argument that the opinion is reliable and trustworthy, and the

opinion should not be admitted without testimony. In addition to the first level of hearsay (the record itself), the email makes clear that there is a second layer of hearsay on top of the first, because the opinion the plaintiff is trying to offer in the form of Dr. Jones' record (hearsay level one) is not even Dr. Jones' opinion. Instead, it is the hearsay opinion of a radiologist who the plaintiff is not going to call at trial. The opinion is not trustworthy, for the reasons stated in the memorandum in support of the motion *in limine*, and it should not be admitted without testimony.[1]

The defendant has not objected to the plaintiff obtaining the testimony he requires via deposition, if that will accommodate the witnesses, and has provided multiple dates in early November for that to occur in the event the plaintiff wants to proceed in that manner. The suggestion that the defendant's position on this issue is intended to "abuse" the doctors or simply obstruct the trial of the matter is not correct. The testimony of witnesses is always preferable to leaving a jury to guess and speculate about the meaning of entries in medical records, but in addition in this case the rules of evidence require testimony because the portion of the record the plaintiff wants to rely on is inadmissible hearsay, and it should be excluded. The defendant's motion *in limine* (CM/ECF No. 111) should be granted.

**II. The defendant's motion *in limine* regarding attempts to correct the plaintiff's inaccurate deposition testimony should be granted:**

The defendant does not agree that the plaintiff's inaccurate deposition testimony "will never see the light of day." CM/ECF Doc. No. 124, Page Id. 1009. There are a number of circumstances in which it may arise at trial, and that is the reason for the motion. In particular, the plaintiff claims emotional damages arising in large part from the fact that the local Somali

---

[1] The defendant has noted similar objections to the other hearsay medical opinions the plaintiff seeks to offer in the form of medical records. Those objections have not been waived, and are not being waived.

and Muslim communities rejected him as a traitor and a spy after learning of his supposed service as a soldier in support of the war on terror. See, CM/ECF Doc. 123. The plaintiff and his counsel were responsible for those (largely inaccurate and misleading) reports. The fact that the plaintiff claimed to have served in Iraq in interviews immediately after the incident, and continued to repeat those inaccurate claims during testimony in this case, is not a collateral issue.

The opposition papers do not offer any argument or authority as to why the communications at issue would be admissible, and the motion should be treated as conceded. To the extent footnote 10 is intended to controvert the issue, it should be clear that the defendant relies on well-established principles of law. An attorney may not be a witness in his own case. Va. Rules of Professional Conduct; Rule 3.7. Out of court statements are hearsay and not admissible in evidence unless otherwise provided by statute or rule of court. F.R.E. 801-802. The emails at issue are out of court statements by counsel, do not fall within an applicable exception to the hearsay rule, and should be excluded from evidence and argument at trial. The motion *in limine* should be granted.

**III.  Any attorney fee claim should be tried to the jury:**

Johnson v. Hugo's Skateway, 974 F.2d 1408 (4th Cir. 1992) does not hold that an award of fees under Va. Code § 8.01-42.1 must be made by the judge rather than by the jury, and it is readily distinguishable from the case at bar. There is no provision of Virginia law that prohibits parties from agreeing to submit a request for attorney fees to the judge instead of to the jury. See, Lee v. Mulford, 269 Va. 562, 565-56, 611 S.E.2d 351 (2005). The Johnson opinion is silent on whether or not Judge Ellis' award was with the agreement of the parties, and in that respect can be easily reconciled with the rule in Lee v. Mulford. In addition, Johnson was decided 13 years before the Virginia Supreme Court explicitly confirmed in Lee v. Mulford that the right to a jury

trial under Virginia law extends to claims for attorney fees, and prior to Lee v. Mulford a federal court could reasonably have concluded that Virginia law does not require an attorney fee award to be determined by the jury. Finally, Johnson involved claims against two defendants, which were tried together, with claims for violation of both federal civil rights statutes and Va. Code § 8.01-42.1. The case report is not entirely clear, but it appears the 42 U.S.C. § 1983 claim against Deputy Wines went to the jury. See Johnson, 974 F.2d at 1411-12. The case at bar does not present a similar situation, with multiple defendants or intertwined claims for state and federal relief. The case at bar is a case by one plaintiff against one defendant, with the sole authority for an award of attorney fees being the Virginia statute.

The authorities relied on by the plaintiff do not apply Virginia law, which is controlling in this case. Instead, the plaintiff is citing federal authorities that apply federal statutes that are not at issue in this case.[2] This case does not involve any federal question or application of federal substantive law, and on this point the defendant is not asserting a right under the federal statutes or the federal constitution. The defendant is before this court on a claim that he violated Virginia law, and is asking that the court recognize and respect his rights under the Virginia Constitution and Virginia statutes, as confirmed and established by the Supreme Court of Virginia. In this matter that does not involve any federal question, the court is bound to apply the law of the forum state, and Virginia law provides the defendant a right to have the jury assess any damages against him, including any award for attorney fees. Erie v. Thompkins, 304 U.S. 64 (1938); Lee v. Mulford, 269 Va. 562, 565-56, 611 S.E.2d 351 (2005). The motion *in limine* should be granted.

---

[2] The sole federal cause of action was dismissed on defendant's 12(b)(6) motion. Only state law claims remain.

**IV.  The photographs of the plaintiff in uniform, and the associated exhibits should be excluded:**

The defendant has not objected to the introduction of the plaintiff's DD-214, which is the official record of his active service in the U.S. Army. That document establishes the dates of the plaintiff's service in the reserves, his time on active duty, and his qualification as a translator. The plaintiff has conceded that the remaining documents are unnecessary and has agreed to withdraw them as exhibits.

The photographs, which remain at issue, are not relevant, and any relevance is substantially outweighed by the danger of unfair prejudice. The plaintiff argues that the plaintiff's damages claim justify their admission. The argument is:

(1) Mr. Salim had to flee Somalia and seek asylum in the United States;

(2) because of his prior experiences, he was particularly susceptible to emotional damages, and he suffered more from the incident then other people might have.

As an initial matter, the photographs have nothing to do with Somalia, and do not make it either more or less likely that he had to flee Somalia. They are simply not relevant on that point. See, F.R.E. 402. The defendant is not moving to exclude all evidence that the plaintiff was in the Army, and is simply moving to exclude two emotionally charged pictures of the plaintiff posing in uniform with the American flag and a statue of a bald eagle. The photographs will tend to encourage the jury to act in this case based on patriotic emotion, and not on the evidence. For that reason alone, they pose a danger of unfair prejudice that substantially outweighs their probative value. The defendant denies that he assaulted or battered the plaintiff, but he certainly did not assault or batter a uniformed Iraq war veteran wrapped in the American flag and standing next to a statue of a bald eagle.

In addition, the photographs have nothing to do with the incident at issue, and do not shed any light on the damages claimed in this case. The photographs do not make it more or less likely that the plaintiff was "extremely distressed" or that he had "fears, flashbacks, and doubts" following the incident. (CM/ECF Document No. 124 at Page Id. 1015). The thrust of the plaintiff's brief in opposition is that Mr. Salim was particularly susceptible to emotional damage because he was a refugee, and photographs of him posing with the American flag or a statue of a bald eagle to not make that proposition more or less likely. The photographs are therefore not relevant.

The plaintiff's opposition brief incorrectly conflates "prejudice" with "unfair prejudice." (CM/ECF Document No. 124 at Page Id. 1017). The defendant is not asserting that evidence should be excluded because it is prejudicial, nor does F.R.E. 403 permit evidence to be excluded simply because it is prejudicial. The danger in the photographs is <u>unfair</u> prejudice, because the images of the plaintiff posing with patriotic symbols have nothing to do with the incident at issue in this case, and would tend to encourage the jury to unfairly assess damages against Mr. Dahlberg based on the perceived value of the plaintiff's military service, as opposed to any injuries that may be supported by the evidence.

The <u>McRae</u> case, 593 F.2d 700 (5th Cir. 1979), relied on by the plaintiff, illustrates the analysis that should be applied under F.R.E. 403. It does not however lead to the result sought by the plaintiff in this case. In <u>McRae</u>, the defendant objected to the introduction of crime scene photos of the victim's corpse, which showed in gruesome detail what happened to her head when struck by a bullet. The trial court properly admitted those photographs because although prejudicial, they bore on the crime itself, including the position of the victim, and the position of the rifle that killed her, and were introduced to address the defense raised by the accused.

In contrast, the photographs of the plaintiff, in uniform, next to the American flag or the eagle statue, have nothing to do with the incident at issue in this case. They do not make it more or less likely that an assault or battery occurred, and do not make it more or less likely that the plaintiff suffered injury as a result of the defendant's conduct. To the extent the plaintiff's service bears on his claimed emotional injuries, his service can be established by other evidence, without the overt flag-waving and emotional manipulation. The photographs are unnecessarily cumulative, and the risk of unfair prejudice substantially outweighs their probative value.

It is true that the defendant has not located a controlling case, directly on point, regarding the admission of photographs of parties in uniform. Neither has the plaintiff. Like many evidentiary issues, and most matters arising under F.R.E. 403, much is left to the judgment and experience of the trial court. The U.S. District Court cases cited by the defendant do demonstrate that a number of judges have found a substantial danger to the introduction of evidence that a party has served in the military could unfairly prejudice an opposing party. See, <u>McKelvey v. Geren</u>, 2009 U.S. Dist. LEXIS 94469, ("The court shares Defendant's concern that, as Plaintiff concedes, 'the jury will seek to reward Plaintiff for his service to his country and will disregard other evidence in the case.'"). The danger that the photographs at issue in the case at bar will encourage the jury to act on emotion rather than on the evidence is not imaginary, and the photographs should be excluded.

WHEREFORE, for the foregoing reasons, and such reasons as are stated at argument in this matter, the defendant's moves for entry of an order granting his motions *in limine*, and for such other relief as may be appropriate.

                                                           EDWARD DAHLBERG
                                                           By Counsel

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.

         /s/
Steven W. Bancroft, Esquire
VSB #: 18447
Nicholas J. Lawrence
VSB #: 76964
3920 University Drive
Fairfax, Virginia 22030
(p) 703-385-1000
(f) 703-385-1555
sbancroft@bmhjlaw.com
nlawrence@bmhjlaw.com
*Counsel for Defendant*

**CERTIFICATE OF MAILING**

    I hereby certify on October 23rd, 2015, I will electronically file the foregoing with the clerk of court using the CM/ECF system, which will send notification of the filing to the following:

Victor M. Glasberg, Esq.
121 S. Columbus Street
Alexandria, Virginia 22314

                                             /s/
                                     Nicholas J. Lawrence